In the Matter of SANITARY & IMPROVEMENT DISTRICT NO. 7 OF LANCASTER COUNTY, NEBRASKA, Debtor.

Bankruptcy No. BK85–39.

United States Bankruptcy Court, D. Nebraska.

Jan. 10, 1989.

See also, Bkrtcy., 96 B.R. 967.

Richard J. Butler, Charles Humble, Erickson & Sederstrom, P.C., Lincoln, Neb., for debtor.

Gary Nedved, Lincoln, Neb., for Warrantholders.

Joseph Badami, Lincoln, Neb., for Bondholders.

Joel Heusinger, Woods, Aitken, Smith, Greer, Overcash & Spangler, Lincoln, Neb., for Bank.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Before a United States Bankruptcy Judge for the District of Nebraska regarding Motion for approval of payment of expenses from bond fund.

This is a Chapter 9 bankruptcy case. The debtor is a Nebraska political subdivision called a Sanitary and Improvement District. It is authorized by state law to file a petition under Chapter 9 of title 11 of the United States Code and to incur and pay expenses incident to the consummation of a plan of adjustment of debts as contemplated by such petition. Section 77–2419 Reissue Revised Statutes of Nebraska, 1943 (Reissue 1986).

Debtor has incurred operating expenses since the petition date, including attorney fees, and has apparently paid those expenses out of a fund designated as the "bond" fund. In a separate adversary proceeding pending in this Court entitled *Hollstein v. SID # 7,* et al., A88–4042, the debtor, its trustees in their individual capacity and debtor's attorneys have been sued for allegedly converting the money in the "bond" fund by using it to pay operating expenses in violation of Nebraska law.

Debtor now moves this Court to retroactively approve the disbursements in question and authorize future disbursements from the "bond" fund. Objections have been filed.

The Court having reviewed the motion and objections and the state and federal statutes, now overrules the motion. The Federal Bankruptcy Court has no power to rule upon the appropriateness of the use of bond funds for payment of administrative expenses on an interim basis. Section 901 of the Code does not incorporate Sections 327–331, which are the professional compensation statutes. Section 903 precludes this Court from exercising any control over the expenditures of a municipality. Section 904 precludes this Court from interfering with the property of debtor or the exercise of its governmental powers.

Sections 943(b)(3) and (b)(5) permit this Court to confirm a plan if the Court determines administrative expenses to be reasonable and if the plan provides for payment on the effective date of all administrative expenses.

The debtor is vested with its property and is subject to state law concerning its distribution. This Court may not approve or disapprove of its disposition, except in contemplation of plan confirmation.