In re EAST SHOSHONE HOSPITAL DISTRICT, a municipality, Debtor.

Bankruptcy No. 98–20934–9.

United States Bankruptcy Court, D. Idaho.

Oct. 20, 1998.

## SUMMARY ORDER

Terry L. Myers, Bankruptcy Judge.

The above chapter 9[1] Debtor, East Shoshone Hospital District ("Debtor") has applied to the Court for approval of the employment of Ford Elsaesser and the Sandpoint, Idaho, firm of Elsaesser Jarzabek Anderson & Marks, Chartered, as counsel for Debtor. Additionally, Barry W. Davidson of the firm Davidson Bailey & Medeiros of Spokane, Washington, has moved for admission *pro hac vice* as co-counsel for the Debtor. The pleadings also request that the Court authorize Mr. Davidson to appear without the need for Mr. Elsaesser or another member of his firm to appear at the same time as local counsel.

Recognizing that this is the first chapter 9 case in this District, it is appropriate to consider the statutory framework in addressing these uncontested applications.

The starting point must be § 103(e) which provides as follows:

§ 103. **Applicability of chapters**

. . .

(e) Except as provided in section 901 of this title, only chapters 1 and 9 of this title apply in a case under such chapter 9.

The next critical statutory provision is therefore § 901, which provides:

§ 901. **Applicability of other sections of this title**

(a) Sections 301, 344, 347(b), 349, 350(b), 361, 362, 364(c), 364(d), 364(e), 364(f), 365, 366, 501, 502, 503, 504, 506, 507(a)(1), 509, 510, 524(a)(1), 524(a)(2), 544, 545, 546, 547, 548, 549(a), 549(c), 549(d), 550, 551, 552, 553, 557, 1102, 1103, 1109, 1111(b), 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), 1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1), 1129(b)(2)(A), 1129(b)(2)(B), 1142(b), 1143, 1144, and 1145 of this title apply in a case under this chapter.

(b) A term used in a section of this title made applicable in a case under this chapter by subsection (a) of this section or section 103(e) of this title has the meaning defined for such term for the purpose of such applicable section, unless such term is otherwise defined in section 902 of this title.

(c) A section made applicable in a case under this chapter by subsection (a) of this section that is operative if the business of the debtor is authorized to be operated is operative in a case under this chapter.

Scrutiny of § 901(a) discloses that § 327, which addresses the employment of professional persons, is not an incorporated section for chapter 9 purposes. Neither is § 1107 which addresses the rights, powers, and duties of a "debtor-in-possession" (including, among other things, the ability to employ professional persons upon court approval).

One of the important reasons for obtaining court approval of the proposed employment of professionals is to insure that those professionals may be later compensated under §§ 328, 330 and 331. While the issue of approval of compensation is not yet before the Court, it is noted that §§ 328, 330 and 331—like § 327—not incorporated in chapter 9 under § 901.[2]

Perhaps in recognition of this statutory scheme, the Debtor's petition for appointment of counsel cites no code provision, and instead alleges it is "brought pursuant to Bankruptcy Rule 2014.1." This is apparently a reference to *Local* Bankruptcy Rule 2014.1

---

**1.** Unless otherwise indicated, all references to "code," "title," "chapter," and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P.") 1001–9036.

**2.** I therefore respectfully disagree with that portion of *In re Castle Pines North Metro., Dist.*, 129 B.R. 233, 234–35 (Bankr.D.Colo.1991) which, to me, parses § 901(b) too finely in order to bring § 330 within § 901(a). *Accord, In the Matter of Sanitary & Improvement Dist. No. 7 of Lancaster County, Nebraska*, 96 B.R. 966 (Bankr.D.Neb. 1989).

rather than a reference to Fed.R.Bank.P. 2014. LBR 2014.1 primarily addresses the procedures for service, objection, and consideration of employment applications. It does not by its terms address whether or not it applies in chapter 9 cases. Even if it did, a local rule could hardly operate to alter the code itself.

The Court has reviewed Rule 2014(a), which states as follows:

(a) **Application for an Order of Employment.** An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Of the three sections of the code referred to in the first sentence of Rule 2014(a), only § 1103 is incorporated by virtue of § 901(a).

Section 1103, in turn, refers to the powers and duties of committees appointed under § 1102, that section also being incorporated in chapter 9 by virtue of 901(a).

■ Nothing in § 103, § 901, or the balance of chapter 9 convinces the Court that it is appropriate to enter an order approving a chapter 9 debtor's employment of counsel. Nothing in Rule 2014 varies this conclusion. The reference in Rule 2014 to chapter 9 appears to require only that proposed counsel for a chapter 9 creditors' committee file an application and verified statement delineating any connections between that proposed counsel and parties in interest, their professionals, or the U.S. Trustee's program and its employees. But the Rule goes no further. In fact, the second sentence of Rule 2014(a) even eliminates the need to serve these documents on the U.S. Trustee.

As set forth in the "Committee Note to 1991 Amendments" of Rule 2014,[3] the Rule's limited applicability to chapter 9 is designed to protect the integrity of the bankruptcy system by requiring the creditors' committee's proposed professional to disclose relationships to the described parties, professionals and the U.S. Trustee. However, because the Court does not approve the employment of counsel by the creditors' committee, the application and statement need not be served on the U.S. Trustee. It, therefore, appears to the Court that nothing in Rule 2014 changes the apparent intent of Congress, gleaned from its careful incorporation of only limited provisions in § 901(a), that Court approval of Debtor's professionals is not required.

This conclusion not only follows a "plain language" reading of §§ 103 and 901, it also comports with the policy of chapter 9 announced in §§ 903 and 904 which prohibit the Court from exercising control over the expenditures of a debtor municipality or interfering with the political or governmental af-

---

**3.** The Committee Note states:

The United States trustee appoints committees pursuant to § 1102 of the Code which is applicable in chapter 9 cases under § 901. In the interest of full disclosure and confidence in the bankruptcy system, a connection between the United States trustee and a professional employed by the committee should be revealed

in every case, including a chapter 9 case. However, since the United States trustee does not have any role in the employment of professionals in chapter 9 cases, it is not necessary in such cases to transmit to the United States trustee a copy of the application under subdivision (a) of this rule. See 28 U.S.C. § 586(a)(3)(H).

fairs, property or revenues of the debtor. Court review and approval of compensation to the debtor's professionals would implicate § 904.

This does not necessarily mean that compensation paid or to be paid is not relevant. For example, § 943(3) requires as a condition of confirmation that all amounts paid by debtor for services or expenses in the case or incident to the plan have been (1) disclosed and (2) are reasonable.

The Court is also asked to approve the *pro hac vice* admission of Mr. Davidson and his firm. That application requests, pursuant to LBR 9010.1(d)(3), that the Court also allow such counsel to appear in the case without the simultaneous physical appearance of "local counsel." Nothing in LBR 9010.1 or in the request for admission *pro hac vice* appears to violate any limitations of § 103, § 901 or the Rules. Rather, this request deals solely with the Court's general ability to oversee these who appear before it. That motion will be granted.

IT IS SO ORDERED.